# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ADETAYO AGBOKE,
        Appellant,

v.

DEPARTMENT OF JUSTICE,
        Agency.

DOCKET NUMBER
SF-0752-19-0574-I-1

DATE: April 17, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adetayo Agboke, Long Beach, California, pro se.

Paul W. Bridenhagen, Esquire, and Sarah Bishop, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

Effective October 5, 2018, the agency removed the appellant from the position of Auditor (Bankruptcy), GS-0511-14, on charges of unacceptable conduct, failure to follow instructions, and failure to cooperate with an investigation. Initial Appeal File (IAF), Tab 17 at 41-48, 50. On appeal, the administrative judge sustained the charges, found a nexus between the appellant's misconduct and the efficiency of the service, and determined that the penalty was reasonable. IAF, Tab 68, Initial Decision.

On petition for review, the appellant argues, among other things, that the administrative judge abused her discretion by: (1) denying his motion to sanction the agency for its failure to comply with deadlines for submission of the agency file; (2) striking his affirmative defenses; and (3) denying his motion for recusal. Petition for Review File, Tab 1 at 11-12. For the following reasons, we find no merit to his assertions.

The administrative judge did not abuse her discretion in denying the appellant's motion to sanction the agency.

An administrative judge may impose sanctions on a party as necessary to serve the interests of justice. 5 C.F.R. § 1201.43. The authority to impose

sanctions "covers, but is not limited to," circumstances including failure to comply with an order, failure to prosecute or defend an appeal, or failure to make a timely filing. *Id.* The imposition of sanctions is a matter within the administrative judge's sound discretion. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013).

Here, the agency twice failed to submit a compliant agency file before the deadline set forth in the administrative judge's orders. IAF, Tabs 6, 8, 15-17. However, the administrative judge reasonably concluded that striking the agency file as a sanction would not have served the interests of justice, given that the filing delay of a few hours was de minimis, and that the appellant failed to show that he was prejudiced by the delay. IAF, Tab 21 at 7-8; *see Hay v. U.S. Postal Service*, 106 M.S.P.R. 151, ¶ 10 (2007) (holding that a party is not entitled to sanctions for the untimely filing of a submission absent a showing of prejudice). Accordingly, we discern no abuse of discretion in her decision not to impose sanctions on the agency.

<u>The administrative judge did not abuse her discretion in striking the appellant's affirmative defenses.</u>

The appellant further argues that the administrative judge abused her discretion by striking his affirmative defenses as a sanction for his refusal to appear for a deposition. We note that the Board has looked with disfavor on striking affirmative defenses as a sanction for failure to comply with an order when the same result might be achieved by prohibiting the appellant from presenting evidence supporting those defenses. *Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶¶ 14-15 (2009); *see* 5 C.F.R. § 1201.43(a)(2) (providing that when a party fails to comply with an order, the administrative

judge may "[p]rohibit the party failing to comply with the order from introducing evidence concerning the information sought, or from otherwise relying upon testimony related to that information"). Furthermore, the appellant's response to the affirmative defenses order was not yet due, IAF, Tab 22, and he had given no indication that he wished to withdraw his defenses, *see Simon*, 111 M.S.P.R. 381, ¶ 15.

However, even if striking the appellant's affirmative defenses was not a well-tailored sanction, we find no abuse of discretion on the part of the administrative judge, as it would have been well within her authority and discretion to impose the more severe sanction of dismissal. The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal in good faith. *Davis*, 120 M.S.P.R. 34, ¶¶ 17-19. Such a severe sanction is appropriate only when necessary to serve the ends of justice and should be imposed only when: (1) a party has failed to exercise due diligence in complying with Board orders; or (2) a party has exhibited negligence or bad faith in its efforts to comply. *Id*., ¶ 18. Here, the appellant's refusal to comply with the order to appear at his deposition was repeated and defiant. Moreover, his incessant verbal abuse of the administrative judge, including baseless accusations of racism and corruption, itself shows bad faith warranting dismissal. *See Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 15 (2016) (finding that the appellant's defiant refusal to comply with directions provided by the Clerk of the Board, combined with his continual misogynistic invective directed at the Board's female staff, warranted dismissal of his petition for review). Considering that the administrative judge could have properly dismissed the appeal with prejudice, as the agency requested, we find that she did not abuse her discretion by choosing a less severe sanction. *Cf. Simon*, 111 M.S.P.R. 381, ¶ 15 (finding that the administrative judge abused her discretion in striking the appellant's affirmative defenses when the agency had not requested that sanction and a lesser evidentiary sanction was sufficient).

<u>The administrative judge did not abuse her discretion in denying the appellant's motion for recusal.</u>

Finally, we have considered the appellant's contention that the administrative judge abused her discretion in denying his motion for recusal. The Board's regulations provide that a party may file a motion asking the administrative judge to withdraw "on the basis of personal bias or other disqualification." 5 C.F.R. § 1201.42(b).

To the extent the appellant contends that the administrative judge was biased, we find no merit to his accusation. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The fact that an administrative judge has ruled against a party in the past, or mere conclusory statements of bias, do not provide sufficient bases for disqualification. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 281 (1991). Rather, the administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).[2] While the appellant emphatically disagrees with many of the administrative judge's rulings, he has not made the required showing. To the contrary, the record shows that the administrative judge reacted patiently to the appellant's contumacious conduct at the telephonic status conference, IAF, Tab 21 at 3-4, and displayed evenhandedness by ruling against the agency on several occasions, IAF, Tab 6 at 2 (denying the agency's requested extension of the deadline for submission of

---

[2] One of the attachments to the appellant's petition is a law review article criticizing the *Liteky* decision. *See* Lori M. Mcpherson, *Liteky v. United States: The Supreme Court Restricts the Disqualification of Biased Federal Judges Under Section 455(a)*, 28 U. Rich. L. Rev. 1427 (1994). Whatever academic merit that article may have, we are bound to follow U.S. Supreme Court precedent.

the agency file), Tab 8 (rejecting a technically deficient agency file), Tab 21 at 8 (admonishing the agency for its failure to strictly comply with her orders), Tab 54 at 9 (denying the agency's request to dismiss the appeal).

We have also considered the appellant's contention that the administrative judge should be disqualified on grounds other than bias. *See* 5 C.F.R. § 1201.42(b) (providing that a party may file a motion asking the administrative judge to withdraw on the basis of personal bias "or other disqualification"). In determining whether an administrative judge should be disqualified on grounds other than bias, the Board's policy is to follow the standard set out at 28 U.S.C. § 455(a). *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 20 (2010); *Shoaf v. Department of Agriculture*, 97 M.S.P.R. 68, ¶ 7 (2004). The Board has described that standard as follows:

> The goal of section 455(a) is to avoid even the appearance of partiality. Thus, the test applied is not whether a judge is in fact biased or prejudiced, but whether a judge's impartiality might reasonably be questioned. In enacting section 455(a), Congress created an objective standard under which disqualification of a judge is required when a reasonable person, knowing *all* the facts, would question the judge's impartiality. In applying this standard, it is critically important to identify the facts that might reasonably cause an objective observer to question the judge's impartiality.

*Shoaf*, 97 M.S.P.R. 68, ¶ 7 (internal citations and quotations omitted). Whether an adjudicator's impartiality might reasonably be questioned turns upon an objective evaluation of the facts and circumstances of each case. *Acting Special Counsel v. Sullivan*, 4 M.S.P.R. 485, 488-89 (1981).

Here, the appellant has failed to identify any facts whatsoever that would reasonably cause an objective observer to question the administrative judge's impartiality. Under these circumstances, it was not an abuse of discretion for the administrative judge to deny the appellant's motion for recusal. Indeed, a judge "is as much obligated not to recuse himself when it is not called for as he is obliged to when he is." *Lee*, 115 M.S.P.R. 533, ¶ 22 (citing *Washington v.*

*Department of the Interior,* 81 M.S.P.R. 101, ¶ 15 (1999) (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988))).

We have considered the appellant's remaining arguments and find that they are either without merit or outside the scope of this appeal.[3]

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] As the administrative judge correctly found, the Board lacks jurisdiction to consider the appellant's challenge to his performance review and the denial of a quality step increase (QSI). IAF, Tab 54 at 2-4; *see Clark v. Department of the Air Force*, 111 M.S.P.R. 477, ¶ 9 (2009) (noting that the Board generally lacks jurisdiction over an appeal of a performance-based award, such as a QSI); *Ariza v. Department of Education*, 36 M.S.P.R. 54, 55 (1988) (noting that the Board generally lacks authority to hear appeals of performance ratings).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.